F I L E D
Clerk
District Court

MAR 2 1 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| SHI, Peng, | ) | Civil Action No. 05-0007[1] |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER AFTER REMAND, |
| | ) | DENYING PLAINTIFF'S |
| UNITED STATES OF AMERICA, | ) | MOTION FOR CERTIFICATE |
| | ) | OF APPEALABILITY |
| Defendant | ) | |
|_____| ) | |

THIS MATTER is before the court on remand by the U.S. Court of Appeals

for the Ninth Circuit after the decision by the U.S. Supreme Court in Burton v.

Stewart, No. 05-9222, 2007 WL 43832 (U.S. Jan. 9, 2007).

The Ninth Circuit has "remanded to the district court for the limited purpose

of granting or denying a certificate of appealability at the court's earliest

---

[1] See also United States v. Shi Peng, Criminal No. 99-0030-ARM.

convenience."

If this court declines to issue a certificate of appealability "the court should state its reasons why a certificate of appealability should not be granted, and the clerk of the district court shall forward to this court the record with the order denying the certificate of appealability."

In the interests of conserving the resources of the court and the parties, and because the court has previously set out in detail its reasons for denying plaintiff's motion for reconsideration/request for a certificate of appealability, the court will quote extensively from two of its prior orders.

In the court's order of April 20, 2005, the court said:

> THIS MATTER is again before the court, this time on plaintiff's April 18, 2005, motion for reconsideration of the court's March 18, 2005, order denying his motion for relief from judgment.
> In the interests of conserving the resources of the court and the parties, the court will decide the matter without the necessity of requiring the U.S. Attorney to file an opposition and without a hearing.
> The procedural background of this case was set forth in the court's order of March 18, 2005, and is set out again here:
>
>> Plaintiff was convicted by a federal jury on October 6, 1999, and sentenced to 189 months in prison on January 28, 2000. He filed a direct appeal, which was denied by the U.S. Court of Appeals for the Ninth Circuit on January 19, 2001.
>> On July 4, 2001, plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his criminal sentence. By order dated July 13, 2001, this court considered plaintiff's motion and denied it in its entirety. On July 31, 2001, plaintiff filed a "Motion and

Memorandum in Support of Rule 59(e) Petition." In it, defendant sought an extension of time in which to file a motion to obtain from this court a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Pursuant to Fed.R.App.P. 22(b)(1), and in the interests of conserving the resources of the court and the parties, the court granted the motion without the necessity of briefing by the United States and gave plaintiff until Friday, September 28, 2001, to file his motion for a certificate of appealability.

Section 2253(c) states that a court "may issue [a certificate of appealability] under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Plaintiff was advised to particularly observe the requirements of this portion of the statute in his motion for a certificate of appealability.

On September 4, 2001, the court received *pro se* plaintiff's motion and memorandum for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Plaintiff's motion alleged only that he "was denied due process rights [under the] Fifth, Sixth, and Fourteenth Amendment[s]" because the indictment failed to allege "an essential element that increase[d] his base level." By order dated September 19, 2001, the court denied the motion, finding that plaintiff had failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Plaintiff took no further action in this court or the U.S. Court of Appeals for the Ninth Circuit.

Plaintiff brings the instant "motion for reconsideration pursuant to F.R.Cr.P. 59(e)." No such criminal rule exists. Former federal criminal Rule 59 dealt with the effective date of the federal rules of criminal procedure. Assuming that plaintiff intended to cite to Rule 59(e) of the Federal Rules of Civil Procedure, that rule provides that a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. The court's order of March 18th was not an entry of judgment and Rule 59(e) has no application here.

Nevertheless, in the court's on-going effort to afford plaintiff

every vestige of due process to which he may in any way be entitled, the court will consider the substance of his motion.

Plaintiff argues that the court's last order improperly recharacterized his Fed.R.Civ.P. 60(b)(4) and 60(b)(6) motion as a 28 U.S.C. § 2255 petition and thereby violated the procedure set forth in <u>Castro v. United States</u>, 540 U.S. 375, 124 S.Ct. 786 (2003). There, the Court held *inter alia* that when a district court recharacterizes a *pro se* defendant's motion as a *first* motion to vacate, it must notify the defendant of its intent and warn the defendant that the recharacterization means that any subsequent motion to vacate will be subject to the restrictions on second or successive motions to vacate and provide the defendant with an opportunity to withdraw or amend the motion. *Id.* at 124 S.Ct. 792.

This court did not recharacterize plaintiff's motion as "a first § 2255 motion." As the court noted in its recitation of the procedural history of the case, plaintiff filed his first 28 U.S.C. § 2255 petition on July 4, 2001, which was denied July 13, 2001. He moved the court for an extension of time to file a certificate of appealability, the court *sua sponte* granted the extension and advised him of the legal standard he needed to meet to obtain the certificate, and denied his motion when he failed to meet the standard. Thereafter, plaintiff took no action either here or in the U.S. Court of Appeals for the Ninth Circuit. Any second or successive § 2255 motion needed to be presented to and certified by a panel of the Ninth Circuit. Plaintiff sought no such certification, as he acknowledges in his moving papers.

Plaintiff also relies on <u>Hamilton v. Newland</u>, 374 F.3d 822 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 1599, 73 USLW 3530 (2005), to support his claim that this court erred in recharacterizing his motion. Again, the court addressed the legal arguments in plaintiff's last motion and rejected them on substantive, not procedural, grounds. That is, even if the court treated his motion as a *second* or *successive* petition for *habeas corpus*, it still addressed the substance of it and did not dismiss or deny it on the procedural ground that it had not first been approved by a panel of the Ninth Circuit. Plaintiff's motion was denied because neither <u>Booker</u> nor <u>Fanfan</u> provide him the retroactive relief he seeks on collateral review. As the court previously noted, because plaintiff completed the direct review process more than four years ago, his situation does not meet the "direct review" requirement of <u>United States v. Booker</u>. *See also* 28 U.S.C. § 2255 (right sought to

be vindicated must be made expressly retroactive to cases on collateral review). None of plaintiff's procedural arguments can surmount that simple fact.

ACCORDINGLY, plaintiff's motion for reconsideration is denied.

FOR THE SAME REASONS stated in the court's two prior orders, the court denies plaintiff's motion for a certificate of appealability. As per the remand order, the Clerk of Court is directed to forward this order and the record to the Clerk of Court, U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED this 21st day of March, 2007.


_____
ALEX R. MUNSON
Judge